UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-23210-CIV-WILLIAMS/REID

RMK MERRILL STEVENS LLC,

    Plaintiff,

v.

ANTHONY MONACO,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON**
**MOTION FOR FINAL DEFUALT JUDGMENT**

This cause is before the Court on Plaintiff RMK Merrill Stevens LLC's ("Plaintiff") Motion for Final Default Judgment (the "Motion"). [ECF No. 9]. The Motion was referred to the Undersigned by the Honorable Kathleen M. Williams for a report and recommendation. [ECF No. 10]. For the reasons addressed below it is **RECOMMENDED** that the Motion be **GRANTED in part**.

**BACKGROUND**

This is a maritime breach of contract action. Plaintiff alleges Defendant, Anthony Monaco ("Defendant"), failed to pay Plaintiff for maintenance and storage fees associated with his vessel the "50' Marquis" (the "Vessel"). *See generally* [ECF No. 1]. Specifically, Plaintiff contends that on May 3, 2021, Defendant "either himself or through his agent, brought [the Vessel]" to its property. [*Id.* at ¶ 9]. On that same day, Plaintiff sent Defendant an estimate via email for various maintenance and storage fees for Defendant's Vessel, which totaled $10,764.10. [*Id.* at ¶ 10; ECF

1

No. 1-3]. On May 4, 2021, Defendant agreed to the terms in the estimate via email. [ECF No. 1-3 at 1].

Over the next weeks, Plaintiff sent Defendant a number of invoices for additional work to be done on the Vessel, to which Defendant acquiesced via email. *See generally* [ECF No. 1-4]. Defendant, however, took the Vessel after the maintenance had been done, but never paid the maintenance and storage fees. This was done despite the estimate clearly stating that "All Invoices Are Due Upon Receipt and Must Be Paid In Full Before Vessel Departs RMK Merrill-Stevens Premises." [ECF No. 1-3 at 6]. Consequently, Plaintiff filed the instant Complaint on October 3, 2022, in which Plaintiff asserts two counts: (1) breach of contract; and (2) quantum meruit (plead in the alternative). *See* [ECF No. 1]. On October 25, 2022, Plaintiff properly served Defendant with the summons, civil cover sheet, and the Complaint, in accordance with Federal Rule of Civil Procedure 4.[1] Defendant has not filed any response to the Complaint, and at this Court's instruction the Clerk entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). [ECF Nos. 7; 8].

Plaintiff now moves for entry of default judgment against Defendant for $62,899.22, which is comprised of $49,696.89 in damages for materials, services, interest, and late fee, and $13,202.33 in attorneys' fees and costs. In support of its request, Plaintiff has provided invoices and sworn statements from its representatives [ECF No. 9-1; 9-3], and its attorney has submitted billing records and its Financial Manager's affidavit [ECF No. 9-2; 9-4].

## **LEGAL STANDARD**

"Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit,

---

[1] The Return of Service states that the process server directly served Defendant by delivering him copies of the civil cover sheet, summons, and Complaint. [ECF No. 6]. This is proper service. *See* Fed. R. Civ. P. 4(e)(2)(A).

2

the Clerk of Court must enter a clerk's default against the defendant. Second, when the requirements for a clerk-entered default judgment cannot be met under Rule 55(b)(1), the plaintiff must apply to the court for a default judgment under Rule 55(b)(2)." *Cleveland v. JH Portfolio Debt Equities, LLC*, 2020 WL 8167356, at *2 (S.D. Ala. Nov. 23, 2020), *report and recommendation adopted*, 2021 WL 136287 (S.D. Ala. Jan 13, 2021). Rule 55(b)(2) provides that a court may enter default judgment against a defendant who has failed to defend the lawsuit. *See* Fed. R. Civ. P. 55(b)(2).

"A defendant's default alone does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The Eleventh Circuit has explained that there is a sufficient basis in the pleadings when the complaint could survive a motion to dismiss for failure to state a claim. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). When a defendant defaults, they are deemed to have admitted the plaintiff's well-pleaded factual allegations. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

## DISCUSSION

Here, the well-pleaded facts in the Complaint are sufficient to state a plausible claim for relief for breach of contract.

### A. Breach of Contract Claim

"It is well-established that a contract … to repair a vessel is a federal maritime contract." *F.W.F., Inc. v. Detroit Diesel Corp.*, 308 F. App'x 389, 391 (11th Cir. 2009). "The elements of a breach of contract claim under Florida law and admiralty law are the same: 'a plaintiff must prove (1) the terms of a maritime contract; (2) that the contract was breached; and (3) the reasonable value of the purported damages.'" *American Marine Tech., Inc. v. M/Y Alchemist*, 526 F. Supp. 2d

1236, 1247 (S.D. Fla. 2021) (quoting *Sweat Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005)). Contract formation requires the "following elements: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Id.* (internal quotation marks and citation omitted).

The Court has carefully reviewed the Complaint and supporting documentation and concludes Plaintiff has established a claim for breach of contract that would survive a motion to dismiss. Plaintiff demonstrates that a contract was formed through: (1) the various estimates which served as the offer; (2) Defendant's written acceptance of the offer through the emails approving the estimates and additional work to be done on the Vessel; (3) the storage and maintenance of the Vessel in exchange for the fees associated with the work which constitute the consideration; and (4) the various emails and invoices which set out the specification of the terms of the agreement. Plaintiff has also adequately alleged Defendant's breach of the contract. The terms of the contract were sufficiently clear from the invoices and emails, which Defendant breached "by failing to timely pay the outstanding $42,843.82 … [and] by removing the Vessel prior to paying the outstanding balance" following Plaintiff's performance under the contract of "providing materials, storage, and services including but not limited to, repairing and painting the Vessel." [ECF No. 1 at ¶¶ 18–23]. Additionally, Plaintiff has also set forth the reasonable value of the purported damages through the costs encapsulated on the estimates and invoices, as well as the invoices setting forth that Defendant is "subject to a 3% late fee and 1.5% finance charge to be assessed every 30 days." [*Id.* ¶ 24]; *see also* [ECF No. 9-1].

As such, these facts, which are deemed admitted because of Defendant's default, are sufficient to establish a claim for maritime breach of contract and to hold Defendant liable for the $49,696.89 in damages for materials, services, interest, and late fee caused by Defendant's breach.

As such, the Court need not address Plaintiff's quantum meruit claim, which was plead in the alternative and is only available in the absence of a contractual agreement between the parties. *See Pas Consulting Group, LLC v. Dynamic Int'l Airways, LLC*, No. 17-21059-CIV, 2017 WL 7355326, at *2 (S.D. Fla. May 25, 2017) (noting that equitable quasi-contract remedies are unavailable when an express contract exists).

### B. Attorney's Fees

The last matter before the Court is Plaintiff's request for recoupment of its reasonable attorney's fees and costs.

Generally, each party to a lawsuit bears its own attorney's fees absent a statutory or contractual basis authorizing a fee award. *See generally Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). In admiralty cases, attorney's fees are generally not recoverable "unless (1) they are provided by the statute governing the claim, (2) the nonprevailing party acted in bad faith in the course of the litigation, or (3) there is a contract providing for the indemnification of attorneys' fees." *Natco Limited Partnership v. Moran Towing of Florida, Inc.*, 267 F.3d 1190, 1193 (11th Cir. 2001) (internal citation omitted).

The Court must evaluate Plaintiff's requested fees for reasonableness in terms of the total hours expended by counsel and paralegals. *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). The burden rests on Plaintiff to submit a request for fees that will enable the court to determine what time was reasonably expended. *See Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994). "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Wales-Walden v. Ak "N" Eli, LLC*, No. 17-20658-CIV, 2018 WL 6812692, at *3 (S.D. Fla. Oct. 12, 2018), *report and recommendation adopted sub nom. Wales-Walden v. Ak*

*N Eli, LLC,* No. 1:17-CV-20658-UU, 2018 WL 6807316 (S.D. Fla. Oct. 29, 2018) (quoting *Nat'l Ass'n. of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982))

Here, the estimate which formed part of the agreement between the parties provides in pertinent part "any past due balances and any legal fees incurred for the collection of balances due are the responsibility of the customer." [ECF No. 1-4 at 7]. As such, Plaintiff's entitlement to attorneys' fees and costs is a consequence of the contractual understanding between the parties. Although Plaintiff has included a timesheet listing the number of hours spent on each task, which attorney or paralegal completed such task, and an affidavit from the law firm's Financial Manager, necessary information from which this Court can determine the reasonableness of the fees is still missing. *See* [ECF Nos. 9-2; 9-4]. Specifically, Plaintiff's attorneys do not include information such as the attorney's curriculum vitae, professional biographies, or cases in which they had previously been awarded fees. Consequently, the Court is unable to ascertain whether each timekeeper's hourly rate is reasonable. Although Plaintiff is entitled to reasonable attorneys' fees and costs, it must submit the documentation necessary to determine the reasonableness of such fees.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's Motion for Final Default Judgment [ECF No. 9] be **GRANTED in part** as to Count I but **DENIED** without prejudice with respect to its request for attorneys' fees and costs. Plaintiff shall recover from Defendants as follows:

  a. $49,696.89 in damages for materials, services, interest, and late fee caused by Defendant's breach

It is further **RECOMMENDED** that Plaintiff be permitted to file a separate motion to

recover its reasonable attorneys' fees and costs.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 8th day of March, 2023.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:     **U.S. District Judge Kathleen M. Williams**; and

   **All Counsel of Record**