UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-23210-WILLIAMS/REID

RMK MERRILL STEVENS LLC,

    Plaintiff,

v.

ANTHONY MONACO,

    Defendant.
_____/

**ORDER ON MOTION FOR ATTORNEY'S FEES
AND POST-JUDGMENT INTEREST**

This matter is before the Court on Plaintiff RMK Merrill Stevens LLC's Motion for Attorney's Fees and Post-Judgment Interest (the "Motion"). [ECF No. 15]. The Motion was referred to the Undersigned by the Honorable Kathleen M. Williams for a report and recommendation. [ECF No. 16]. The Court has carefully considered the Motion and the record. For the reasons stated below, it is **RECOMMENDED** that the Motion be **GRANTED IN PART AND DENIED IN PART**.

**BACKGROUND**

In this maritime breach of contract action, Defendant Anthony Monaco failed to respond to the Complaint. The Court instructed the Clerk to enter default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). [ECF Nos. 7, 8]. Plaintiff subsequently filed a Motion for Final Default Judgment. [ECF No. 9]. On March 9, 2023, the Undersigned recommended that the Motion for Final Default Judgment be granted as to Count I but denied the motion without prejudice with respect to Plaintiff's request for attorneys' fees and costs. [ECF No. 12 at 6]. The

R&R was adopted by Judge Williams thereafter. [ECF No. 13]. Plaintiff then filed the instant Motion for Attorney's Fees and Post-Judgment Interest. [ECF No. 15].

## LEGAL STANDARD

In determining attorneys' fees, courts look to the reasonableness of (1) the hourly rate and (2) the number of hours expended. Under the "lodestar" method, a reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1994)). Under certain circumstances, the lodestar may be adjusted to reach a more appropriate attorneys' fee. *See Blum*, 465 U.S. at 888.

### A. Reasonable Hourly Rate

A reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." *Id.* at 895. In determining this, the Court should consider the rate "for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum*, 465 U.S. at 895–96 n.11).

To determine reasonable hourly rates, a court may consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). "In the end, however, the Court remains an expert on the issue of attorneys' fees and may consider its own knowledge and experience concerning reasonable and proper fees." *Warren Tech., Inc. v. UL LLC*, No. 18-21019-CV, 2020 WL 9219127, at *7 (S.D. Fla. Dec. 17, 2020), *report and recommendation*

*adopted in part*, No. 1:18-CV-21019-UU/LMR, 2021 WL 911238 (S.D. Fla. Mar. 10, 2021), *aff'd*, No. 21-11168, 2021 WL 4940833 (11th Cir. Oct. 22, 2021) (quoting *Norman*, 836 F.2d at 1303) (internal citations and quotations omitted).

Importantly, the trial court "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1301-02 (S.D. Fla. 2015) (citing *Fox v. Vice*, 563 U.S. 826, 838 (2011)). As such, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

### B. Reasonable Number of Hours Expended

The Court must also evaluate Plaintiff's requested fees for reasonableness in terms of the total hours expended by counsel and the paralegals. *See Norman*, 836 F.2d at 1303. The burden rests on the plaintiff to submit a request for fees that will enable the court to determine what time was reasonably expended. *See Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994). "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Wales-Walden v. Ak "N" Eli, LLC*, No. 17-20658-CIV, 2018 WL 6812692, at *3 (S.D. Fla. Oct. 12, 2018), *report and recommendation adopted sub nom. Wales-Walden v. Ak N Eli, LLC,* No. 1:17-CV-20658-UU, 2018 WL 6807316 (S.D. Fla. Oct. 29, 2018) (quoting *Nat'l Ass'n. of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)).

When ascertaining the number of reasonable hours, a court must deduct "excessive, redundant or otherwise unnecessary hours" from those claimed. *See Norman*, 836 F.2d at 1303. The Court can either evaluate counsel's time records by applying an hour-by-hour analysis or can make an across-the-board cut. *See Bivins v. Wrap it Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir.

3

2008). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount in awarded." *ACLU*, 168 F.3d at 428.

## DISCUSSION

As an initial matter, the Court has already recommended—and Judge Williams affirmed—that "Plaintiff's entitlement to attorneys' fees and costs is a consequence of the contractual understanding between the parties." [ECF Nos. 12 at 6; 13]. As such, the Court will assess the requested fees and costs in the instant Motion, which include $21,376.75 in attorneys' fees and $837.00 in costs. [*Id.* at 6]. The Court will also analyze the requested pre-judgment interest (totaling $2,736.64) and whether post-judgment interest is warranted. [*Id.*].

### A. The Hourly Rate is Reasonable

The Court must first evaluate Plaintiff's attorney's requested hourly rate. *See Norman*, 836 F.2d at 1299. Plaintiff's legal team's hourly rates for 2022 are set out as follows: $625 for Senior Partners; $475 for Partners; $250–$450 for Associates; and $175 for Senior Paralegals. [ECF No. 15 at 3]. The hourly rates for 2023 are: $625 for Senior Partners; $500 for Partners; $350–$450 for Associates; and $175–$200 for Senior Paralegals. [*See id.*]. The Paralegal hourly rate was maintained at $150 for both years. [*See id.*]. The affidavit of Senior Partner Michael T. Moore summarizes the team's experience as follows: Michael T. Moore (Senior Partner) has more than 40 years of experience; Caycie Flitman (Partner) has nine years of experience; Madison Bode (Associate) has two years of experience; Laura Wisman (Senior Paralegal) has 30 years of experience; and Rey Saenz (Paralegal) has 10 years of experience. [ECF No. 15-2 at 2].

In support of its Motion, Mr. Moore argues that in 2010, a judge in this district found his hourly rate of $425 to be reasonable given his experience in maritime litigation and representing

4

owners of large yachts. *See Blue Water Marine Services, Inc. v. m/y Natalita III*, 08-cv-20739, 2010 WL 1330265, at *5 (S.D. Fla. Feb. 2, 2010), *report and recommendation adopted*, 08-cv-20739, 2010 WL 1330009 (S.D. Fla. Mar. 29, 2010). The court there also found that "an hourly rate of $250.00 for associates with less than 5 years of experience in maritime law is unreasonable [and instead] an hourly rate of $200.00 for associates is reasonable and proper." [*Id.*].

The changing legal landscape in South Florida—along with the Court's knowledge and experience concerning reasonable attorneys' fees—warrants a finding that the hourly attorney and paralegal rates here are reasonable. *See CITGO Petroleum Corp. v. Petroleum Logistics Serv. USA, Inc.*, 22-MC-20762, 2022 WL 17718802, at *5 (S.D. Fla. Nov. 30, 2022), *report and recommendation adopted*, 22-MC-20762, 2022 WL 17716483 (S.D. Fla. Dec. 15, 2022) (highlighting the increase in hourly rates in South Florida). "Like attorneys and clients, courts, too, must adapt to these changes." *In re Gonzalez*, 20-MC-24628, 2023 WL 7461814, at *4 (S.D. Fla. Oct. 6, 2023), *appeal dismissed sub nom. Gonzalez v. Verfruco Foods, Inc.*, 23-13704, 2023 WL 8623437 (11th Cir. Dec. 13, 2023). Here, Plaintiff's counsel has demonstrated that the attorney and paralegal experience justifies their fees.[1] [*See* qualifications, ECF No. 15-2 at 2]. Indeed, higher hourly rates have been approved by this district. *See e.g.*, *Family First Life, LLC v. Rutstein*, 22-CV-80243-AMC, 2023 WL 5939620, at *3 (S.D. Fla. Aug. 23, 2023), *report and recommendation adopted*, 22-80243-CIV, 2023 WL 5929434 (S.D. Fla. Sept. 12, 2023) (holding that a fee of $775 is reasonable); *Soc. Life Network, Inc. v. Peak One Opportunity Fund, L.P.*, 21-

---

[1] The Court notes that Plaintiff again failed to attach its attorneys' curriculum vitae or professional biographies, as requested in the Report and Recommendation granting in part Plaintiff's Motion for Final Default Judgment. [ECF No. 12 at 6]. However, the Undersigned makes a finding regarding the reasonableness of the hourly rate based on the years of experience of each team member provided in the affidavit and the general increase in the hourly rates charged in this district over the last three years. [*See* ECF No. 15-2 at 2].

21373-CV, 2023 WL 5053985, at *7 (S.D. Fla. July 20, 2023), *report and recommendation adopted*, 21-CV-21373, 2023 WL 5036606 (S.D. Fla. Aug. 8, 2023) (holding that fees of $700 for a partner and $500 for a senior associate are reasonable); *CITGO Petroleum Corp.*, 2022 WL 17718802, at *4–5 (holding that fees of $850 for a partner and $700 for an associate are reasonable); *Caracol TV, S.A. v. Telemundo TV Studios, LLC*, No. 18-23443-CIV, 2022 WL 17583608 (S.D. Fla. Aug. 4, 2022) (recommending fees of $765 for work by a partner and $415 for an associate); *Global Digit. Solutions, Inc. v. Bolzan*, No. 18-80106-CV, 2021 WL 7630524 (S.D. Fla. Aug. 13, 2021) (reducing requested rates for attorneys from $1,230, $990, $850, and $630 to $820, $660, $567, and $420, respectively).

### B.  The Number of Hours Expended is Unreasonable

Next, the Court must review the number of hours worked for reasonableness. *See Norman*, 836 F.2d at 1303. According to Mr. Moore's affidavit, his team expended a total of 82.39 hours on this matter. [ECF No. 15-2 at 1]. The highest billing professionals were Ms. Bode (Associate) who billed 53.59 hours, and Ms. Wisman (Paralegal) who billed 13.95 hours. [*Id.*].  After conducting an hour-by-hour analysis of the time entries, the Court finds that the number of hours expended on certain tasks exceeds what is reasonable under the circumstances.

First, Plaintiff's use of block billing creates confusion regarding the time spent on individual tasks. "B[]lock billing makes judicial review unnecessarily difficult.. . ." *Zachloul v. Fair Debt Collections & Outsourcing*, 8:09-CV-128-T-27MAP, 2010 WL 1730789, at *3 (M.D. Fla. Mar. 19, 2010), *report and recommendation adopted sub nom. Zaghloul v. Fair Debt Collections & Outsourcing*, 8:09CV128-T-27MAP, 2010 WL 1727459 (M.D. Fla. Apr. 27, 2010). The Supreme Court in *Hensley v. Eckerhart* counseled that attorneys "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." 461 U.S. 424,

437 (1983). Here, block billing is used in multiple time entries, including those with the highest number of hours billed. For instance, 4.5 hours were billed to "[m]ultiple conferrals in house regarding compliance with Court's Default Order; draft Motion to Enter Clerk's Default Order; revise Default Order; prepare exhibits; contact and confer with apparent lien holder, USAA Federal Bank, regarding lien, sale of vessel, and motion." [ECF No. 15-1 at 5]. Block billing was also used in an entry of five hours on August 30, 2022; an entry of four hours on December 9, 2022; and an entry of 6.1 hours on December 16, 2022. [*Id.* at 3; 6]. This "warrants reduction of the number of hours claimed in the attorneys' fee motion." *Zachloul*, 2010 WL 1730789, at *3. While attorneys need not account for every second of their billable time, "they should be expected to explain in discrete entries the nature of the work that they want a client or opposing party to pay them hundreds of dollars to perform." *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1377–78 (M.D. Fla. 2010).

Next, the Undersigned finds that an unreasonable number of hours were expended on research and drafting of the Complaint. On August 30, 2022, five hours were spent "drafting [the] Complaint[,]" review[ing] terms and conditions[,] cross referenc[ing] terms and conditions with storage and work agreement[,] and put[ting] together documents to constitute 'agreement' and Exhibit B." [ECF No. 15-1 at 3]. Almost a month later, ten hours were spent across several attorney time entries for reviewing and researching issues associated with the Complaint. [*Id.*]. These entries are dated September 10, 2022 (0.5 hours); September 26, 2022 (1.5 hours); September 27, 2022 (4 hours); and September 29, 2022 (4 hours). [*Id.*]. Finally, one hour was spent drafting the Complaint on October 21, 2022, even though the Complaint had been filed on October 3, 2022. [*Id.* at 4]. In summary, a significant amount of time was spent on conducting research and drafting a five-page Complaint, warranting a reduction in fees.

The most efficient way to remedy this predicament is to make an across-the-board cut of the time billed. *See Paguaga v. Pinnacle One Price Dry Cleaning of Davie, LLC*, No. 20-22694-Civ, 2023 U.S. Dist. LEXIS 38072, at *22 (S.D. Fla. Mar. 7, 2023) ("[A]fter taking into consideration the errors previously identified in the billing records, we find that the number of attorney hours be reduced by an additional 15% to reflect a more reasonable amount of time spent properly prosecuting this action."); *Giniewicz v. UR Bath, LLC*, No. 19-CV-61790, 2020 U.S. Dist. LEXIS 69567, at *9 (S.D. Fla. Apr. 20, 2020) ("Consequently, the undersigned recommends an across-the-board 20% reduction to the total hours incurred to account for counsel's general and inappropriate billing."); *Michael Tran v. Nomad Grp. Ltd. Liab. Co.*, No. 8:20-cv-1945-CEH-SPF, 2022 U.S. Dist. LEXIS 210616, at *20 (M.D. Fla. Nov. 18, 2022) ("Taking together Plaintiff's counsel's excessive hours, their failure to adequately segregate time spent on successful and unsuccessful claims, and their vague billing entries, the undersigned finds a reduction of the number of hours billed by 20% is appropriate."); *Touzout v. Am. Best Car Rental KF Corp.*, 15-61767-CIV, 2017 WL 5957664, at *9 (S.D. Fla. Nov. 30, 2017) (noting a 50% reduction to the hours billed is appropriate based on several factors, including the difficulty of the litigation); *United States of America, State Of Florida, & Ex Rel. Beatriz Morales v. Habana Hospital Pharmacy, Inc., et al*, 17-CV-80871, 2023 WL 5611906, at *13 (S.D. Fla. Aug. 7, 2023), *report and recommendation adopted sub nom. United States v. Habana Hosp. Pharmacy, Inc.*, 17-80871-CIV, 2023 WL 5608004 (S.D. Fla. Aug. 30, 2023) (noting a 70% reduction for errors in time entries and billing for clerical work); *Porter v. Saul*, 18-CV-60210, 2020 WL 5126447, at *6–7 (S.D. Fla. July 28, 2020), *report and recommendation adopted*, 18-CV-60210, 2020 WL 5114518 (S.D. Fla. Aug. 31, 2020) (finding that a 30% reduction of hours expended is appropriate due to

redundancies and repetitiveness in the filings and the fact that the issues in the case were not complex).

Therefore, based on a review of the billing entries, a 15% reduction of the time performed by Associates (at a rate of $250 per hour) for time spent on the Complaint is appropriate here. Plaintiff's counsel can recover fees for work conducted by its Associate for 45.59 hours instead of 53.59 hours. [*See* time entry breakdown at ECF No. 15-2 at 1]. Taking this reduction together with the other requested fees by the remaining team members, the Court awards **$19,376.75 in attorneys' fees**.

**C. Costs**

Plaintiff also seeks to recover $837.00 in costs. [ECF No. 15 at 6–7]. Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Generally, under Rule 54(d), the prevailing party is the one who receives a favorable judgment. *Ware v. Pine State Mortgage Corp.*, 754 F. App'x 831, 832 (11th Cir. 2018) (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)). The taxable costs a prevailing party may collect are those specified in 28 U.S.C. § 1920. *Id.* Therefore, Rule 54(d) "creates a strong presumption that the prevailing party will be awarded costs provided those costs do not exceed those permitted by 28 U.S.C. § 1920." *Henderson v. Franklin*, 782 F. App'x 866, 874 (11th Cir. 2019) (internal quotation marks and citation omitted). Section 1920 provides that a United States Court may tax as costs the following:

(1) fees of the clerk and marshal;
(2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) fees and disbursements for printing and witnesses;
(4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

9

  (5)  docket fees []; and

  (6)  compensation of court appointed experts [and fees related to interpretation services].

28 U.S.C. § 1920(1)–(6).

The party requesting costs bears the burden of submitting a request, which allows the court to make an informed decision regarding the appropriateness of the costs sought. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

Plaintiff seeks a total of $837.00 in costs divided as follows: (1) $402.00 in filing fees and (2) $435.00 in process server fees. [ECF No. 15-1 at 8]. Plaintiff is entitled to the $402.00 filing fee under § 1920 as taxable cost. However, Plaintiff has not demonstrated that it is entitled to $435.00 process server fee. "In relevant part, the Eleventh Circuit has held that private process fees may be recoverable pursuant to § 1920(1) if the fees do not exceed the rate charged by the U.S. Marshals Service." *Am. Marine Tech., Inc. v. M/Y Alchemist*, No. 19-CV-60636-SINGHAL/VALLE, 2022 U.S. Dist. LEXIS 163986, at *23 (S.D. Fla. Sep. 9, 2022) (citing *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)). "The current rate charged by the U.S Marshals Service is '$65 per hour (or portion thereof) for each item served . . . plus travel costs and out of pocket expenses'" *Id.* (quoting 28 C.R.F. § 0.114(a)(3)).

Here, Plaintiff did not provide details regarding the number of attempts made by the process server or information regarding travel costs and out of pocket expenses. Without this information, the Court must assume that service was made on the first attempt. Thus, Plaintiff is entitled to $65, the rate charged by the U.S. Marshals Service. *See Venus Concept USA Inc. v. Smith High Inc.*, No. 1:21-cv-21558-KMM, 2022 U.S. Dist. LEXIS 178216, at *12 (S.D. Fla. Sep. 28, 2022) ("Plaintiff can recover no more than $65.00 per service.. . ."); *see also Caplan v. C4S LLC*, No. 22-cv-20285-ALTMAN/REID, 2023 U.S. Dist. LEXIS 59148, at *6 (S.D. Fla. Apr. 4,

2023); *Maersk Line A/S v. Rapid Tow, Ltd. Liab. Co.*, No. 19-23585-Civ, 2019 U.S. Dist. LEXIS 215536, at *9 (S.D. Fla. Dec. 13, 2019) ("While Plaintiff should have provided an invoice of this cost, there are two affidavits presented on how $120 was used to serve the complaint and effectuate service of process.").

Therefore, the Court finds that Plaintiff is entitled to **$467.00 in costs**.

### D. Pre- and Post- Judgment Interest

Generally, "pre-judgment interest should be awarded in admiralty cases." *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1191-92 (11th Cir. 2009) (internal quotation marks omitted). "Pre-judgment interest is not a penalty, but compensation to the plaintiff for the use of funds that were rightfully his." *Id.* "A district court has discretion to deny prejudgment interest when there are peculiar circumstances that make it inequitable for the losing party to pay prejudgment interest." *Id.* (internal quotation marks omitted).

In this case, there are no "peculiar circumstances" that would warrant an award of pre-judgment interest inappropriate. Plaintiff proposes using 28 U.S.C. § 1961(a), which applies to post-judgment interest, as the fair and equitable interest rate for pre-judgment interest. [ECF No. 15 at 7]. It states that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). *See Hurtado v. Balerno Int'l Ltd.*, 408 F. Supp. 3d 1315, 1334 (S.D. Fla. 2019) (applying 28 U.S.C. § 1961 to prejudgment interest).

The Eleventh Circuit has approved the use of the *prime rate* for calculations of pre-judgment interest. "The rate of pre-judgment interest should be calculated based on the federal prime rate from the date of loss through the entry of judgment." *Bama Sea Prod., Inc. v. Jackson*

11

*Shipping, Inc.*, 2008 WL 2991999, at *2 (M.D. Fla. Aug. 1, 2008) (citing *Sunderland Marine Mut. Ins. Co., Ltd. v. Weeks,* 338 F.3d 1276, 1280 (11th Cir. 2003)) (emphasis added). Plaintiff therefore proposes that one year and two months of interest should apply, capturing a slightly shorter period than the time between the date the original obligation became due (February 11, 2022) and the date judgment was entered (April 25, 2023) at an interest rate of 4.72%.[2]

While the Undersigned agrees that pre-judgment interest is warranted in this case, Plaintiff's proposed calculation uses the interest rate "at the time judgment was entered[,]" instead of "[t]he . . . prime rate *during the relevant period.*" *Sunderland Marine Mut. Ins. Co.*, 338 F.3d at 1280 (emphasis added). [ECF No. 15 at 8].[3] The average federal prime rate during the relevant period—February 11, 2022 to April 25, 2023—is 5.76%.[4] Accordingly, pre-judgment interest is calculated as follows: $49,696.89 (judgment total) x 5.76% (average prime interest rate) = $2,862.54 (per annum rate). $2,862.54 (per annum rate) ÷ 365 days = $7.84 (daily rate). The number of days from the date of injury (February 11, 2022) through the date judgment was entered (April 25, 2023), is 438 days. $7.84 (daily rate) x 438 days = **$3,433.92 in pre-judgment interest**. *See Ruggeri v. NCL (Bahamas) Ltd.*, 20-cv-21961, 2023 WL 8791089, at *1 (S.D. Fla. Dec. 18, 2023) (granting $162,968.55 in pre-judgment interest using an analogous calculation).

Finally, Plaintiff seeks post-judgment interest, which began to accrue as of the date of entry of judgment. [ECF No. 15 at 9] (citing *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990)). The Undersigned recommends awarding post-judgment interest calculated as of

---

[2] Plaintiff did not seek pre- and post- judgment interest in its Motion for Final Default Judgment, but did seek pre-judgment interest in its Complaint. [ECF Nos. 1, 9].
[3] The Court notes that the prime rate on April 25, 2023 was 8%, not 4.72%.
[4] Board of Governors of the Federal Reserve System (US), Bank Prime Loan Rate [DPRIME], retrieved from FRED, Federal Reserve Bank of St. Louis; https://fred.stlouisfed.org/series/DPRIME, January 5, 2024.

the date judgment was entered by Judge Williams (April 25, 2023), using the rate specified in 28 U.S.C. § 1961(a).

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion for Attorney's Fees and Post-Judgment Interest [ECF No.15] be **GRANTED IN PART AND DENIED IN PART**. Specifically, the Court should award Plaintiff (1) $19,376.75 in attorneys' fees; (2) $467.00 in costs; (3) $3,433.92 in pre-judgment interest; and (4) post-judgment interest at the rate specified in 28 U.S.C. § 1961(a).

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 8th day of January, 2024.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **U.S. District Judge Kathleen M. Williams**; and

**All Counsel of Record**